UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA CORBETT,

    Plaintiff,

v.                            Case No:   3:17-cv-1413-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Cynthia Corbett, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability, DIB, and SSI on February 28, 2014, alleging a disability onset date of September 24, 2012. (Tr. 166-78). Plaintiff's applications were denied initially and upon reconsideration. Upon Plaintiff's request, a hearing was held before Administrative Law Judge Yelanda Collins (the "ALJ") on September 28, 2016. (Tr. 37-55). On December 19, 2016, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 17-31). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on November 6, 2017. (Tr. 1-6). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on December 19, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 24, 2015, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: irritable bowel syndrome, Barrett's esophagus, and polyps. (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with limitations. She can occasionally climb ramps and stairs. Shec an occasionally balance, kneel, stoop, crouch or crawl. She can never climb ropes or scaffolds. She requires a bathroom break in the morning and one in the afternoon, in addition to regularly scheduled breaks and lunch.

(Tr. 22). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a credit card clerk and automobile repair service estimator. (Tr. 29).

Despite finding Plaintiff could perform her past relevant work, the ALJ proceeded to step five. Relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). Specifically, the ALJ found that Plaintiff could perform such occupations as route clerk, collator operator, and storage facility rental clerk. (Tr. 30). The ALJ concluded that Plaintiff had not been under a disability from September 24, 2012, the alleged onset date, through December 19, 2016, the date of the decision. (Tr 30-31).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ accounted for all of Plaintiff's limitations in the hypothetical question posed to the vocational expert. (Doc. 18 p. 4). Plaintiff argues that the ALJ's hypothetical question to the vocational expert did not account for Plaintiff's allegation that her prescribed medications made her tired. (Doc. 18 p. 4). In response, Defendant argues that the ALJ's hypothetical question accurately reflected Plaintiff's RFC. (Doc. 19 p. 5).

"At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. *Winchell v. Comm'r of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232,1239 (11th Cir. 2004);

20 C.F.R. §§404.1520(a)(4)(v), 416.920(a)(4)(v)). An ALJ may use the Medical Vocation Guidelines or may obtain the testimony of a vocational expert to determine whether there a jobs that exist in the national economy that a claimant can perform. *Id*. If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, Plaintiff has failed to demonstrate that remanded is warranted. In her decision, the ALJ explicitly acknowledged Plaintiff's allegation that her prescribed medications made her drowsy, but rejected Plaintiff's alleged symptoms as inconsistent with the record. (Tr. 23-26). Plaintiff, however, presents no argument that the ALJ erred in his credibility finding. As she found the complaints of tiredness not entirely credible, the ALJ was not required to account for Plaintiff's alleged tiredness from medications in the hypothetical question she asked the VE, and the hypothetical question the ALJ asked the VE accounted for all of Plaintiff's limitations. (*Compare* Tr. 52-53 *with* Tr. 22).

Furthermore, as Defendant notes, even if the ALJ erred in failing to account for Plaintiff's alleged tiredness from medications, remand would still not be warranted because the error is harmless. Plaintiff concedes that the ALJ could have accounted for her alleged tiredness by including a limitation to unskilled work in the hypothetical question. (*See* Doc. 18 p. 5). Plaintiff also concedes that outside her past relevant work, the jobs the VE identified in response to the ALJ's hypothetical question were unskilled work. (*See* Doc. 18 p. 5). Thus, even if the ALJ had accounted for Plaintiff's alleged tiredness from medications in the manner Plaintiff wishes she would have, the VE still would have identified a significant number of jobs in the national economy Plaintiff could perform. (Tr. 53).

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties